FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 1 3 2012 ★
BROOKLYN OFFICE

SUMMONS ISSUED
GO, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

SCOTT JOYNER

                    Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN
DOES 1 through 4, individually and in their official
capacities (the name John Doe being fictitious, as the true
names are presently unknown),

                    Defendants.

------------------------------------------------------------------ x

CV12-177

**COMPLAINT**

Jury Trial Demanded

VITALIANO, J.

## PRELIMINARY STATEMENT

1.     This is a civil rights action alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on June 6, 2011 at around 3:00 p.m. defendants falsely arrested him, employed excessive force, maliciously prosecuted him, and made false allegations about him to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article 1 of the New York Constitution, and New York common law. Jurisdiction is conferred upon this Court by 28

U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a citizen of the United States and a resident of Kings County in the City and State of New York.

5. The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

6. Police Officers John Does 1-4 (the "officers" or the "Does") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

7. On June 6, 2011 at approximately 3:00 p.m., Plaintiff was lawfully present waiting for a bus in the vicinity of 99 Saratoga Avenue in Brooklyn, NY.

8. As Plaintiff waited for the bus, he saw a group of police Officers arrest two strangers.

9. An Officer then approached Plaintiff as he waited for the bus, grabbed his arm and began to twist it.

2

10. The Officer, upon realizing Plaintiff was lawfully waiting for a bus, eventually released the grip on Plaintiff's arm.

11. Plaintiff then went across the street to a payphone to call 311 and lodge a complaint against the Officer.

12. As Plaintiff picked up the phone, an Officer came up to him and asked him for his identification.

13. As Plaintiff reached for his identification, he was arrested.

14. Plaintiff was transported to the 73rd Precinct.

15. Plaintiff was transported to Brooklyn Central Booking, where he was charged with Disorderly Conduct and Obstruction of Governmental Administration.

16. Defendant officers misrepresented to the Kings County District Attorney's Office that Plaintiff had committed the offenses of Disorderly Conduct and Obstruction of Governmental Administration.

17. On June 7, 2011, almost 24 hours after his arrest, Plaintiff was arraigned in Kings County Criminal Court.

18. On November 16, 2011 Plaintiff's criminal charges were adjourned in contemplation of dismissal. This was Plaintiff's fourth appearance in Kings County Criminal Court.

19. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to his reputation and loss of income.

## FIRST CLAIM

### (§1983 FALSE ARREST)

21. Plaintiff repeats the foregoing allegations.

22. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

23. Plaintiff was aware of his confinement and did not consent to it.

24. The confinement was not otherwise privileged.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SECOND CLAIM

### (§1983 FABRICATION OF EVIDENCE)

26. Plaintiff repeats the foregoing allegations.

27. The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Kings County District Attorney's Office.

28. In creating such false evidence, the Defendants violated Plaintiff's constitutional right to due process.

29. The aforesaid conduct by the City of New York violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## THIRD CLAIM

### (§1983 "MONELL" CLAIM)

31. Plaintiff repeats the foregoing allegations.

32. The City, through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

33. The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution.

34. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

35. The City, at all relevant times, was aware that these individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

36. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

37. These policies, practices and customs were the moving force behind Plaintiff's injuries.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as the Court may deem just and proper.

DATED: January 11, 2012

New York, New York

                                            ROBERT MARINELLI
                                            Attorney at Law
                                            305 Broadway, 14th Floor
                                            New York, New York 10007
                                            (212) 822-1427