UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SCOTT JOYNER

                                      Plaintiff,

               -against-

THE CITY OF NEW YORK, Sgt. Fritz Glemaud (Shield No. 3224), Police Detective Yeiso Nino (Shield No. 2790), POLICE OFFICERS JOHN DOES 1 through 4, individually and in their official capacities (the name John Doe being fictitious, as the true names are presently unknown),

                                    Defendants.

------------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

<u>Jury Trial Demanded</u>

12-CV-177 (ENV)(MDG)

## PRELIMINARY STATEMENT

1.     This is a civil rights action alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on June 6, 2011 at around 3:00 p.m. defendants falsely arrested him, employed excessive force, maliciously prosecuted him, and made false allegations about him to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## **JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article 1 of the New York Constitution, and New York common law. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## **PARTIES**

4. Plaintiff is a citizen of the United States and a resident of Kings County in the City and State of New York.

5. The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

6. Defendant Police Sergeant Fritz Glemaud, Shield No. 3224 ("Glemaud"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Glemaud is sued in his individual and official capacities.

7. Defendant Police Officer Yeiso Nino, Shield No. 2790 ("Nino"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Nino is sued in his individual and official capacities.

8. Police Officers John Does 1-4 (the "officers" or the "Does") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

7. On June 6, 2011 at approximately 3:00 p.m., Plaintiff was lawfully present waiting for a bus in the vicinity of 99 Saratoga Avenue in Brooklyn, NY.

8. As Plaintiff waited for the bus, he saw a group of police Officers arrest two strangers.

9. An Officer then approached Plaintiff, grabbed his arm and began to twist it.

10. The Officer, upon realizing Plaintiff was lawfully waiting for a bus, released his grip on Plaintiff's arm.

11. Plaintiff then went across the street to a payphone to call 311 and lodge a complaint against the Officer.

12. As Plaintiff picked up the phone, an Officer came up to him and asked him for his identification.

13. As Plaintiff reached for his identification, he was arrested.

14. Plaintiff was transported to the 73rd Precinct.

15. Plaintiff was taken to Brooklyn Central Booking, where he was charged with Disorderly Conduct and Obstruction of Governmental Administration.

16. Defendant officers misrepresented to the Kings County District Attorney's Office that Plaintiff had committed the offenses of Disorderly Conduct and Obstruction of Governmental Administration.

17. On June 7, 2011, almost 24 hours after his arrest, Plaintiff was arraigned in Kings County Criminal Court.

18. On November 16, 2011 Plaintiff's criminal charges were adjourned in contemplation of dismissal. This was Plaintiff's fourth appearance in Kings County Criminal Court.

19. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to his reputation and loss of income.

## FIRST CLAIM
## UNLAWFUL STOP AND SEARCH

20. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

21. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

22. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM

## (§1983 FALSE ARREST)

23. Plaintiff repeats the foregoing allegations.

24. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

25. Plaintiff was aware of his confinement and did not consent to it.

26. The confinement was not otherwise privileged.

27. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## THIRD CLAIM

## (§1983 EXCESSIVE FORCE)

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth Amendment because they used unreasonable force on plaintiff.

## FOURTH CLAIM
**Failure to Intervene**

5

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

32. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as the Court may deem just and proper.

DATED:    May 31, 2012
           New York, New York

                            HARVIS MARINELLI
                            SALEEM & WRIGHT LLP


                            _____/SS/_____
                            Robert Marinelli
                            305 Broadway, 14th Floor
                            New York, New York 10007
                            (212) 323-6880
                            rmarinelli@hmswlaw.com

                            *Attorney for plaintiff*